DOROTHY S. TRIEBEL, as Executrix of W. FRANKLIN TRIEBEL, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 28408.)

Judgment of the Court of Claims affirmed, without costs.

BREWSTER, J. (dissenting.) I cannot see any way out of the factual situation presented other than to find that one or more of the State's peace officers in charge at the scene in question were grossly negligent in leaving the northerly end of the four-strip State highway area unguarded and unprotected from the imminent dangers still present as a result of the prior automobiles and a truck in serious wreckage and road-block upon this heavily traveled main thoroughfare on a dark, rainy and somewhat foggy night.

The degree of care incumbent upon the State's police officers must be measured in accord with the danger which existed. Until the roadway had been cleared and normal traffic restored, the special danger they came there and assumed to guard against in discharge of their duty — that danger existed.

The testimony of the eye witness, Trooper McCoy, is direct proof that the failure of the guard at the northerly end of the area of danger was the proximate cause of the death of claimant's intestate. Taylor, the southbound motorist, swerved to the middle lane of the road to avoid another collision with a parked car on the westerly side of the road — an incident of the prior happening. Thus another serious accident was in the making and almost happened because of lack of warning and police protection to the north. The avoidance of that accident caused Triebel's death.

The deceased was lawfully present upon the highway and even though working in private enterprise at the time he was killed, his work was in the interest of public safety and to a considerable extent was being discharged under the supervision of the State's officers who failed miserably in their duty to afford him and the then traveling public the reasonable protection which the circumstances demanded.

Engaged as he was in actually clearing the highway of the danger caused by the prior wreckage, and intent thereon under the circumstances abounding, with nothing to rely upon save the State police to guard from his fatal risk, I cannot see any sound basis in the proofs for a finding that the State was successful in establishing the defense of contributory negligence.

I think we should reverse and remit for an assessment of damages.

Hill, P. J., Foster and Deyo, JJ., concur in decision; Brewster, J., dissents in a memorandum in which Heffernan, J., concurs.

Judgment of the Court of Claims affirmed, without costs.